J-S18041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN MARK HAGENS, | : | |
| | : | |
| Appellant | : | No.  1156 MDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000111-2014
CP-36-CR-0000114-2014

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED MAY 13, 2016**

Kevin Mark Hagens (Appellant) appeals from the judgment of sentence imposed on May 4, 2015, following his convictions for various offenses relating to the sexual abuse of his great-nieces.  Upon review, we affirm.

At docket number CP-36-CR-0000111-2014 (111-2014), Appellant was charged with involuntary deviate sexual intercourse (IDSI), unlawful contact with a minor, and corruption of minors for acts committed upon O.H., born in February 2007.  At docket number CP-36-CR-0000114-2014 (114-2014), Appellant was charged with indecent assault, unlawful contact with a minor, and corruption of minors for acts committed upon A.K., born in February 2002.[1]

---

[1] On January 23, 2014, the Commonwealth filed a notice to consolidate the cases for trial pursuant to Pa.R.Crim.P. 582(B)(1).

*Retired Senior Judge assigned to the Superior Court.

On November 4, 2013, the Commonwealth filed a motion to permit testimony by O.H. and A.K. by contemporaneous alternative method pursuant to 42 Pa.C.S. § 5985. The Commonwealth subsequently filed two petitions to admit testimony under the tender years hearsay exception, 42 Pa.C.S. § 5985.1, and the court held hearings on the petitions on December 1, 2014, and January 20, 2015. Relevant to this appeal, the court allowed, *inter alia*, the admission of certain hearsay statements made by O.H. to S.P. as substantive evidence at trial.

A jury trial was held from January 28-30, 2015, after which Appellant was found guilty of all charges. He was sentenced to an aggregate term of 18 to 36 years of imprisonment. Specifically, at docket number 111-2014, Appellant was sentenced to concurrent terms of imprisonment of 16 to 32 years on the charges of IDSI and unlawful contact with a minor, as well as a concurrent term of imprisonment of two to four years for the corruption-of-minors charge. At docket number 114-2014, Appellant was sentenced to concurrent terms of imprisonment of two to four years for the charges of indecent assault, unlawful contact with minors, and corruption of minors. The aggregate sentences imposed at each docket number were to be served consecutively to one another, for a total aggregate sentence of 18 to 36 years of imprisonment.[2]

---

[2] Appellant was ordered to undergo an evaluation by the Sexual Offenders Assessment Board (SOAB) pursuant to the Sex Offender Registration and

On May 13, 2015, Appellant filed post-sentence motions, which the trial court denied on June 2, 2015. Appellant then filed timely a notice of appeal to this Court. On July 6, 2015, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The court filed its opinion pursuant to Pa.R.A.P. 1925(a) on August 3, 2015.

On appeal, Appellant presents the following issues for our consideration:

I.   Was an aggregate sentence of eighteen years to thirty-six years [of] incarceration an abuse of the court's discretion and so manifestly excessive as to constitute too severe a punishment and clearly unreasonable under the circumstances of this case, as it was not consistent with the protection of the public, the gravity of the offenses and the rehabilitative needs of [Appellant] where [Appellant] did not cause the victims any physical harm, was not found to meet the criteria for that of a[n SVP] and was unlikely to reoffend and the [c]ourt inappropriately prejudged the case?

II.  Did the [c]ourt err in admitting the testimony of S.P. regarding O.H.'s alleged statement to her, where the

_____

Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. According to the trial court,

> On April 8, 2015, the Office of the District Attorney received the evaluation conducted by the SOAB[, which] determined that Appellant did not meet the criteria of a[ sexually violent predator (SVP)]. With this recommendation, the District Attorney's Office notified the [c]ourt on April 8, 2015, that it would not be filing a praecipe for an SVP hearing. Accordingly, the case was scheduled for sentencing.

Trial Court Opinion, 8/3/2015, at 3 (citation omitted).

- 3 -

circumstances of O.H.'s statement did not provide sufficient indicia of reliability as required by 42 Pa.C.S. §[]5985.1[?]

Appellant's Brief at 6 (suggested answers omitted).

With regard to Appellant's first issue, we observe the following.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Instantly, Appellant has filed timely a notice of appeal, presented his claim in a post-sentence motion, and included a statement pursuant to Rule 2119(f) in his brief. Thus, we now consider whether he has raised a substantial question worthy of appellate review.

> A substantial question exists where an appellant advances a colorable argument that the trial court's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms underlying the sentencing process. In determining whether a substantial question exists, [o]ur inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are

necessary only to decide the appeal on the merits. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012)

(internal quotation marks, citations, and emphasis omitted).

Appellant challenges the consecutive nature of his sentences. In support of his challenge, Appellant points to certain mitigating factors present herein and argues that the trial court inappropriately "prejudged" the case with regard to the sentence Appellant would receive upon being convicted.

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015)

(citations and internal quotation marks omitted; emphasis in original).

The criminal conduct at issue herein related to the sexual abuse of Appellant's two great-nieces and resulted in convictions of one count each of

IDSI and indecent assault, two counts of unlawful contact with a minor, and two counts of corruption of minors. Appellant received concurrent terms of imprisonment for each set of convictions as they related to the separate victims; his sentences were consecutive only in that his aggregate term of two to four years of imprisonment imposed at docket number 114-2014 was to be served following his aggregate term of 16 to 32 years of imprisonment imposed at docket number 111-2014. Considering the nature of the crimes at issue and the length of imprisonment imposed, we conclude that this is not a case wherein the court's decision to impose consecutive sentences raises a substantial question. *See Commonwealth v. Austin*, 66 A.3d 798, 809 (Pa. Super. 2013) (noting that "[i]n seeking a reduction in his aggregate sentence, [the a]ppellant [wa]s seeking a further 'volume discount'" and concluding that, in light of the criminal conduct at issue and the length of imprisonment, the appellant did not present a substantial question with respect to the trial court's decision to impose certain sentences consecutively).

Likewise, we conclude that Appellant's argument based on mitigating factors fails to raise a substantial question. It is unclear whether Appellant argues that the court failed to consider mitigating factors altogether or failed to consider them adequately. We note, however, that the sentencing court had the benefit of a presentence investigation report (PSI). "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing

court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Griffin*, 65 A.3d at 937 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). Moreover, the factors Appellant sets forth were discussed at sentencing, N.T., 5/4/2015, at 2-6, 10-11, and presented in a sentencing memorandum submitted by Appellant. Defense Sentencing Memorandum, 4/29/15, at unnumbered pages 3-5. Thus, we interpret Appellant's argument to be that the court failed to consider mitigating factors adequately. "'[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.'" *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)). Appellant fails to convince us that such a claim raises a substantial question in this case.

Finally, assuming *arguendo* that Appellant's claim regarding the court's alleged "prejudgment" of the case raises a substantial question, we conclude that it has no merit. In so doing, we adopt the well-reasoned analysis provided by the Honorable David L. Ashworth on pages 13 to 17 of his Rule 1925(a) opinion, filed August 3, 2015, and we incorporate it herein. Trial Court Opinion, 8/3/2015, at 13-17. Thus, Appellant is not entitled to relief on his discretionary-aspects-of-sentence claim.

In his second issue, Appellant contends that the trial "[c]ourt erred in admitting the testimony of S.P. regarding O.H.'s alleged statement to her, where the circumstances of O.H.'s statement did not provide sufficient indicia of reliability as required by 42 Pa.C.S. §[]5985.1." Appellant's Brief at 17. Appellant argues that, at the hearing held on December 1, 2014, S.P. repeatedly testified that O.H. never talked to S.P. about whether Appellant "had done anything to O.H.," but in S.P.'s interview with the Lancaster County Children's Alliance, which was also played during the hearing, S.P. stated that "two of her cousins were sexually abused," both cousins told her, and O.H. told her that Appellant "had licked her girl part." *Id.* at 19. Appellant contends that "[t]his blatant discrepancy and contradiction certainly calls into question the reliability of O.H.'s alleged statement and whether or not O.H. ever even made such a statement to S.P." *Id.* We disagree.

> Generally, the admissibility of evidence is a matter of trial court discretion and a ruling thereon will only be reversed upon a showing that the trial court abused that discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

> Hearsay is generally inadmissible at trial unless it falls into an exception to the hearsay rule. [T]he Tender Years Statute creates an exception to the hearsay rule in recognition of the fragile nature of the victims of childhood sexual abuse.

> The Tender Years Statute provides an exception to the hearsay rule, in pertinent part, as follows:

  **(a) General rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Ch[] … 31 (relating to sexual offenses), … not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

  (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

  (2) the child either:

    (i) testifies at the proceeding; or

    (ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1.

  Regarding 42 Pa.C.S. § 5985.1(a)(1), this Court has previously stated that [i]ndicia of reliability include: the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age and the lack of a motive to fabricate.

***Commonwealth v. Barnett***, 50 A.3d 176, 182-83 (Pa. Super. 2012)

(internal quotation marks, footnote, and some citations omitted).

  Upon review, we conclude that Appellant's argument misses the mark. Specifically, Appellant takes issue with the statement made by O.H. to S.P., arguing that it does not provide sufficient indicia of reliability pursuant to the tender years hearsay exception. Appellant supports his argument, however, by pointing to the conflict between S.P.'s testimony provided at the December 1, 2014 hearing and S.P.'s statements made during the interview

with the Lancaster County Children's Alliance played during the hearing. Appellant has failed to demonstrate, and we fail to see, how the inconsistency in **S.P.**'s statements provides a basis upon which to conclude that the underlying statements made by **O.H.** are unreliable pursuant to the multi-factored test outlined above. Indeed, such inconsistency has no bearing on that determination. For this reason, Appellant's argument does not entitle him to relief.

Judgment of sentence affirmed.

Judge Lazarus joins.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/13/2016

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**C R I M I N A L**

COMMONWEALTH OF PENNSYLVANIA :
                                  :
              v.                  :    Nos. 0111-2014, 0114-2014
                                  :
    KEVIN MARK HAGENS             :

**OPINION SUR Pa. R.A.P. 1925(a)**

BY:   ASHWORTH, J., AUGUST 3, 2015

Kevin Mark Hagens has filed a direct appeal to the Superior Court of

Pennsylvania from the judgment of sentence imposed on May 4, 2015, as finalized by

the denial of Appellant's post sentence motion on June 2, 2015. This Opinion is written

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and for the

following reasons, this Court requests that this appeal be dismissed.

**I.    Background**

The relevant facts and procedural history may be summarized as follows.

Appellant was arrested on October 3, 2013, and charged at Information No. 0111-2014

with the offenses of involuntary deviate sexual intercourse, unlawful contact with

minors, and corruption of minors,[1] for acts committed upon the juvenile female victim

O.H. (DOB 2/20/07), between February 1, 2013, and July 31, 2013. At Information No.

0114-2014, Appellant was charged with indecent assault, unlawful contact with minor,

---

[1]18 Pa. C.S.A. § 3123(b), 18 Pa. C.S.A. § 6318(a)(1), and 18 Pa. C.S.A. § 6301(a)(1)(i),
respectively.



and corruption of minors,[2] for acts committed upon the juvenile female victim A.K. (DOB 2/25/02), between February 1, 2013, and July 31, 2013. These victims were Appellant's great-nieces. On January 23, 2014, the Commonwealth filed a notice to consolidate these two cases for trial, pursuant to Pa.R.Crim.P. 582B(1).

On November 4, 2013, the Commonwealth filed a motion to permit testimony by O.H. and A.K. by contemporaneous alternative method, pursuant to the "Pennsylvania Uniform Child Witness Testimony by Alternative Methods Act," 42 Pa. C.S.A. § 5985. Following a hearing on November 27, 2013, the Commonwealth's motion was granted.

On November 26, 2014, the Commonwealth filed a petition to admit testimony under the "tender years hearsay exception," 42 Pa. C.S.A. § 5985.1. A "tender years" hearing was held on December 1, 2014. An order was entered on December 10, 2014, granting the Commonwealth's petition and allowing, *inter alia*, the admission of certain hearsay statements made by victims A.K. and O.H. to S.P. (DOB 12/23/01) as substantive evidence at trial.

On January 14, 2015, the Commonwealth filed a petition to admit additional out-of-court statements under the "tender years hearsay exception." A second "tender years" hearing was held on January 20, 2015, to address, *inter alia*, certain hearsay statements made by A.K. and O.H. to witnesses M.C. (DOB 1/13/06) and A.J. (DOB 2/25/00). (*See* January 20, 2015, Tender Years Hearing at 3-4.) The statements were declared admissible as substantive evidence under the "tender years hearsay exception."

_____

[2]18 Pa. C.S.A. § 3126(a)(7), 18 Pa. C.S.A. § 6318(a)(1), and 18 Pa. C.S.A. § 6301(a)(1)(i), respectively.

2

The case proceeded to a jury trial before the undersigned on January 28, 2015, and concluded on January 30, 2015, with a verdict of guilty on all charges. Following the verdict, sentencing was deferred pending a pre-sentence investigation. A further order was entered on February 2, 2015, directing Appellant to undergo an evaluation by the Pennsylvania Sexual Offenders Assessment Board (SOAB) pursuant to 42 Pa. C.S.A. § 9799.24, for purposes of determining whether he qualified as a "sexually violent predator"[3] (SVP) pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 Pa. C.S.A. §§ 9799.10-9799.41, because of his guilty verdict on the predicate offenses of unlawful contact with a minor and IDSI.

On April 8, 2015, the Office of the District Attorney received the evaluation conducted by the SOAB. The Board determined that Appellant did not meet the criteria of an SVP. (N.T., Sentencing at 2, 15.) With this recommendation, the District Attorney's Office notified the Court on April 8, 2015, that it would not be filing a praecipe for an SVP hearing. Accordingly, the case was scheduled for sentencing.

On May 4, 2015, Appellant appeared for sentencing.[4] At Information No. 0111-2014, the Court imposed concurrent sentences of 16 to 32 years incarceration for the IDSI and unlawful contact with minor charges, plus concurrent sentences of 2 to 4 years

---

[3]A sexually violent predator is defined as "[a] person who has been convicted of a sexually violent offense as set forth in [42 Pa. C.S.A. § 9795.1 (relating to registration)] and who is determined to be a sexually violent predator under [42 Pa. C.S.A. § 9795.4 (relating to assessments)] due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa. C.S.A. § 9792.

[4]A "Defense Sentencing Memorandum" was filed on April 29, 2015, and was considered by the Court prior to sentencing on May 4, 2015.

for the corruption of minors.  (N.T., Sentencing at 12-13.)  Restitution in the amount of $3,828.15 was imposed (Id. at 13), as well as fees and costs.

At Information No. 0114-2014, Appellant received concurrent sentences of two to four years for indecent assault, unlawful contact with minors, and corruption of minors charges.  (N.T., Sentencing at 13.)  These concurrent sentences were made consecutive to the sentences at No. 0111-2014, for an aggregate sentence of 18 to 36 years incarceration.  (Id.)  Restitution in the amount of $2,937.06 was imposed (Id.), as well as fees and costs.

Appellant was RRRI ineligible and his ineligibility was not waived by the Commonwealth.  (N.T., Sentencing at 13-14; *see also* Sentencing Order.)  Appellant was advised at sentencing of his lifetime registration obligations pursuant to SORNA, *supra*, as a Tier III sexual offender.  (Id. at 14-15.)

Appellant filed timely post-sentence motions on May 13, 2015,[5] to which the Commonwealth responded on May 29, 2015.  By Order entered on June 2, 2015, Appellant's post-sentence motions to modify sentence and to set aside verdict were denied.  The motion to withdraw as counsel was granted by separate order on June 2, 2015.  Appellant was represented at trial, sentencing, and post-sentence by privately retained counsel, Kristen L. Weisenberger, Esquire.

A timely notice of appeal to the Superior Court of Pennsylvania was filed on July 2, 2015.  Pursuant to this Court's directive, Appellant filed a statement of matters complained of on appeal, in which Appellant raises the following two issues: (1) "[a]n

---

[5]Appellant's post-sentence motion included a motion to modify sentence, a motion to set aside verdict/new trial, and a motion to withdraw as counsel.

4

aggregate sentence of eighteen to thirty-six years incarceration was an abuse of the court's discretion and was so manifestly excessive as to constitute too severe a punishment and [was] clearly unreasonable under the circumstances of this case"; and (2) "[t]he court erred in admitting the testimony of S.P. regarding O.H.'s alleged statement to her, where the circumstances of O.H.'s statement did not provide sufficient indicia of reliability as required by 42 Pa. C.S. § 5985.1." (*See* Concise Statement at ¶¶ 1-2.)

## II.    Discussion

### A.    Discretionary Aspect of Sentence

Appellant's initial argument on appeal relates to his sentencing. The individual sentences imposed by this Court on Appellant are within the permissible statutory maximums and, therefore, clearly are legal sentences. Appellant asserts that the aggregate sentence nonetheless is a manifestly excessive one and clearly unreasonable under the circumstances of this case. With this issue, Appellant is challenging the discretionary aspect of his sentencing. **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013). Such challenges must be raised in a post-sentence motion or during the sentencing proceedings, or they are waived. Id. *See also* Pa. R.A.P. 302(a). Appellant did raise this claim in his motion to modify sentence; therefore, this claim is preserved for appeal.

However, even when the discretionary aspects of a judgment of sentence are properly challenged, there is no automatic right to appeal. **Commonwealth v. Moury**,

5

992 A.2d 162, 170 (Pa. Super. 2010) (*citing* **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000)). Two requirements must be met before such a challenge will be heard on the merits. First, the appellant must set forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Id. (*citing* Pa. R.A.P. 2119(f)). Second, he must show that "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa. C.S.A. § 9781(b)." Id. (*quoting* **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Id. (*citing* **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007)). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court that were either (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms underlying the sentencing process. *Id.* (*citing* **Sierra**, *supra* at 912-13). Only then do the facts require a grant of allowance of appeal of the discretionary aspects of the sentence.

In this case, Appellant has filed with this Court a timely statement of matters complained of on appeal in which he raises a discretionary aspect of sentence claim. I will assume for purposes of this appeal that Appellant will likewise satisfy the requirements of Pa. R.A.P. 2119(f) by filing a separate concise statement with the Superior Court. Additionally, Appellant has averred that the trial court imposed a sentence in violation of a particular provision of the Sentencing Code. Specifically, Appellant claims a sentence of 18 to 36 years incarceration was not consistent with the

protection of the public, the gravity of the offenses, and the rehabilitative needs of the criminal defendant, as required by 42 Pa. C.S.A. § 9721(b).[6] (*See* Statement of Errors at ¶ 1.) Thus, as Appellant has challenged his sentence imposed under 42 Pa. C.S.A. § 9721(b), which is a specific provision of the Sentencing Code, he has raised a substantial question on appeal and I will address the merits of Appellant's discretionary aspect of sentence claim.

I begin by noting that sentencing is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. **Commonwealth v. Wall**, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007). An abuse of discretion is more than an error in judgment. A sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id. (*quoting* **Commonwealth v. Smith**, 543 Pa. 566, 571, 673 A.2d 893, 895 (1996)).

In considering whether a sentence was manifestly excessive or unreasonable the appellate court must give great weight to the sentencing judge's discretion, as he or she is in "the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." **Wall**, *supra* at 565, 926 A.2d at 961 (*quoting* **Commonwealth v. Ward**, 524 Pa. 48, 568 A.2d 1242,

---

[6]Section 9721(b) provides in pertinent part:
In selecting from the alternatives set forth for subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . .
42 Pa. C.S.A. § 9721(b).

7

1243 (1990)). *See also* **Commonwealth v. Ellis**, 700 A.2d 948, 958 (Pa. Super. 1997) (noting that the sentencing court is in the best position to measure various factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance or indifference).

In clarifying the proper standard of appellate review of a sentencing court's imposition of sentence, our Supreme Court has noted:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. . . . Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

**Wall**, *supra* at 565, 926 A.2d at 961-62 (footnote omitted; citations omitted).

The assertion that Appellant's sentence is manifestly excessive and an abuse of the court's discretion is without any support in the record or the facts of this case. Given the number of criminal acts committed in this case against two minor victims, as well as Appellant's total exposure as far as lawful maximums and potential consecutive sentences, the judgment exercised in this case was neither manifestly unreasonable, nor the result of partiality, prejudice, bias or ill-will, and, as such, the Court did not abuse its discretion. The sentence imposed was neither "clearly unreasonable" nor so manifestly excessive as to constitute too severe a punishment. *See* **Commonwealth v. Mouzon**, 571 Pa. 419, 430-31, 812 A.2d 617, 625 (2002).

8

Reduced to its essence, Appellant's sole claim on appeal is that the only "reasonable" sentence that he could have received for his six crimes at the two dockets is one that runs entirely concurrently. Appellant was facing sentencing on charges against two minor victims. The number of victims could not be ignored by making the sentences at the two Informations concurrent with one another.

Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. **Walls**, *supra* at 570, 926 A.2d at 965. In fact, our appellate courts have expressed disapproval of routinely running sentences concurrently lest criminals receive a "volume discount" for their separate criminal acts. *See* **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013) (*citing* **Commonwealth v. Hoag**, 445 Pa. Super. 455, 665 A.2d 1212 (1995) (stating an appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently)). Consecutive sentences will be overturned only if the sentence imposed was "clearly unreasonable." **Commonwealth v. Fiascki**, 886 A.2d 261, 264 (Pa. Super. 2005). "A sentence is 'clearly unreasonable' if it 'violates the requirements and goals of the [Sentencing] Code.'" Id.

Long standing precedent recognizes that 42 Pa. C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed, upon consideration of the individual circumstances concerning the defendant and the many crimes he committed. *See* **Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008) (*citing* **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005)).

9

*See also* **Commonwealth v. Dodge**, 77 A.3d 1263, 1277 (Pa. Super. 2013) (sentencing theft defendant to consecutive sentences for each victim was not abuse of discretion).

It should be noted that the sentences on each Information were made concurrent. However, as explained to Appellant at his sentencing, "[t]hese were two separate and distinct victims for which the defendant is being held responsible." (N.T., Sentencing at 13.) This Court's decision to impose some consecutive sentences rather than all concurrent sentences resulted from a dispassionate, balanced and scrupulous review of the entire record in this case. Appellant's sentence was neither so manifestly excessive as to constitute too severe a punishment nor unreasonable given the number of victims and the circumstances of the cases.

Appellant further claims that the Court failed to impose an individualized sentence which took into consideration Appellant's circumstances. (*See* Statement of Errors at ¶ 1.) Specifically, Appellant argues that the Court failed to consider certain factors that would have mitigated against a sentence in the state correctional institution. Appellant cites the fact that he "did not cause the victims any physical harm, was not found to meet the criteria for that of a sexually violent predator, and was unlikely to reoffend." (Id.; *see also* Post-Sentence Motion at ¶¶ 10, 12-14.)

It is clear that in fashioning this sentence the Court did consider the individual circumstances concerning Appellant and the many crimes he committed. As noted at the sentencing hearing, the Court took into account the following factors: Appellant's age (46); his family history (father of two adult daughters); his adult criminal record

10

which included convictions for possession with intent to deliver in 1992 and robbery in 2009; his educational background, having earned his GED and his CDL, and having attended school for his HVAC certification; his alcohol and substance abuse history, starting with his use of alcohol and marijuana at the age of 12, cocaine at the age of 19, and crack cocaine at the age of 38; and his employment history. (N.T., Sentencing at 10-11; *see also* Pre-Sentence Investigation Report.)

It is also clear from the record that this Court carefully considered the entire pre-sentence investigation report. (N.T., Sentencing at 11.) As our Superior Court noted:

> Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case. **Commonwealth v. Boyer**, 856 A.2d 149 (Pa. Super.2004). In **Boyer**, we stated: 'In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . .'

**Commonwealth v. Fowler**, 893 A.2d 758, 766-67 (Pa. Super. 2006).

Furthermore, the Court took into consideration Appellant's comments at the sentencing hearing and his letter of March 2, 2015, to the Court, as well as defense counsel's comments on behalf of Appellant. (N.T., Sentencing at 5-7.) To the extent that Appellant argues that the trial court did not adequately consider these mitigating factors which were presented in the pre-sentence investigation report and by counsel, such a claim is not supported by the record and, in any case, does not raise a

11

substantial question. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257-58 (Pa. Super. 2004).

Appellant also contends that the sentence was not consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs. (*See* Statement of Errors at ¶ 1.) I begin by noting that when "sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community." **Commonwealth v. Roden**, 730 A.2d 995, 998 (Pa. Super. 1999). Appellant committed crimes of violence which placed people's lives in danger and created a risk of bodily injury, or at the very least significant psychological and psychiatric damage to the minor victims in this case. (N.T., Sentencing at 11.) This sentence will protect the public because, for a period of 18 years, Appellant will not have access to children for sexual purposes.

Appellant suggests that "there is not an undue risk of repeated criminal behavior that would require total confinement." (*See* Post-Sentence Motion at ¶ 14.) The fact that Appellant disagrees with the sentencing court's conclusion regarding his rehabilitative potential does not render the sentence imposed an abuse of discretion. *See* **Commonwealth v. Gibson**, 716 A.2d 1275, 1279 (Pa. Super. 1998). Appellant is a risk to commit crimes if not incarcerated. This sentence will serve the rehabilitative needs of Appellant, in that he was made eligible for "all programs, vocational, educational, psychiatric or psychological programs that [Appellant] chooses to participate in." (N.T., Sentencing at 13.) Appellant was provided an adequate time to become rehabilitated and the tools to achieve rehabilitation before his is released from incarceration.

12

Lastly, Appellant asserts that the Court "inappropriately prejudged [Appellant's] case and informed [Appellant] prior to the start of trial that he would sentence him to at least 16 years if he was found guilty at trial." (*See* Statement of Errors at ¶ 1.) This is not an accurate representation of my comments made to Appellant one week prior to trial:

> THE COURT: . . . Mr. Hagens, . . . counsel have spoken to me in chambers about where we are with the status of this case. It is scheduled to begin and to go to trial beginning next Wednesday.
> . . .
> Before we do so, however, I want to make sure we are all on the same page.
> I have been provided with a copy of the sentencing guidelines and the worksheet. I want to make sure that you are making an informed decision as to how you wish to proceed, sir.
> Obviously, you have the right to a jury trial. I do not in any way, shape, or form, want to dissuade you or convince you otherwise, but I want to make sure that you are making an informed decision as to the consequences of whatever decision you choose to make.
> Do you understand that, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. The guidelines that I have been provided indicate that the charges, as they presently have been filed and as they have been presented to the jury, on Docket No. 111 of '14, Count 1 is involuntary deviate sexual intercourse, a felony of the first degree. Count 2 is unlawful contact with a minor, sexual offenses, and that's a Felony 1 as well.
> Both of those, because of a prior record score of five, have a standard range guideline of 192 months to the statutory limit. And as a Felony 1, the statutory limit would be 20 years in jail.
>
> MS. MANSFIELD: If I may, Count 1 is 40 years.
>
> THE COURT: It's 40 years, you're correct. That's right.
> According to the sentencing guidelines, the low end of the guidelines would be 16 years. So in the event that this case proceeds to trial and in the event that you are found guilty, I am the person who is responsible for imposing sentence.

13

Absent a very compelling reason to the contrary, most, if not all, of my sentences are within the standard range guidelines.

So in this case, I would begin a sentence with 16 years. That would be the bottom end or the low end of any sentence that I would impose. To that I would add any other sentences that I think are appropriate.

It is also my practice, and it is no secret that it is the practice of most judges, that if multiple individuals, victims, are involved, then I hold people responsible for their actions with regard to those individual victims.

In other words, I do not think a defendant, any defendant, should be entitled to a volume discount simply because there are numerous victims.

So you would be held responsible. In the event that you are found guilty by a jury, you would be held responsible for each individual victim in these cases.

Now, I have not gone through and done the math and purposely not spent a great deal of time with that because I am sitting as the judge in this case and I want to hear the testimony.

I want to make sure that you understand that as long as the IDSI, the involuntary deviate sexual intercourse, and the unlawful contact with minor charges, Felony 1s, as long as they remain as part of this case, my evaluation of what the appropriate sentence should be would begin at the low end of the guidelines, 16 years, and go up from there.
Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: So that any sentence that would be imposed, in the event that you are found guilty, would in all likelihood start at 16 years and go upwards, depending on the other charges and depending on all of the other circumstances.
Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything else at this time that counsel would like to add to any of that?

. . .

MS. MANSFIELD: The Commonwealth has extended an offer to reduce the charge of involuntary deviate sexual intercourse, the charge Your Honor indicated carries the 16 years, to an indecent

14

assault, which would leave -- we would agree to reduce that charge and offer him a total sentence for both dockets of seven to 14 years, plus a consecutive probationary tail, which we didn't discuss the specifics. Probably somewhere around five or ten years' consecutive probation.

That is the current Commonwealth's offer on this case. I just wanted to make that clear on the record.

THE COURT: All right. Mr. Hagens, has your attorney discussed this with you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And she has conveyed to you the offer of seven to 14 years?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Do you wish to discuss this in more detail with your attorney or have you made a decision as to how you are going to proceed?

THE DEFENDANT: Your Honor, we're going to meet later this week and discuss it.

THE COURT: Okay. Mr. Hagens, the reason we're having this discussion is I want to make sure that you make an informed decision.

As I have said from the very beginning, you have the right to do whatever you choose to do. But at a later time I do not want you or your attorney or anyone else to come back and say, well, I guess I should have made a different decision or I didn't understand the consequences of my decision.

Now, I'm the referee. My goal is to provide the level playing field. I have no reason to encourage one side or the other to do whatever they don't want to do.

My job is to make sure everybody is well informed. My job is to make sure that the law is applied properly and that this case is decided properly.

So this discussion is being had because I do not want, in the event that you are convicted -- here's the bottom line. In the event that you are convicted, I do not want you at a later time to come back and say that you did not understand what the consequences were of your decision. I do not want you at a later time to come back and suggest that your attorney didn't discuss this with you.

15

I don't want you to come back at a later time and say that the Commonwealth did not make an offer to you in this case that you had the opportunity to evaluate and to accept and then chose to reject.

I want to make sure that you understand that given the guidelines which I am required to review, and that if I go substantially below or above the guidelines, in all instances that I can think of, if I have no justification for doing so, I would be reversed by the appellate courts.

So I am telling you that looking at these guidelines, if you are convicted, in all likelihood we would start at 16 years and go up from there, as the low end of any sentence that would be imposed.

You now understand why we're having this discussion; correct?

THE DEFENDANT: I understand, Your Honor.

(N.T., Tender Years Hearing at 4-12.)

As this exchange indicates, my intention was never to dissuade Appellant from asserting his constitutional right to a trial. I did, however, want Appellant to understand the sentencing constraints to which I would be subject. Every sentencing court is legislatively obligated to "consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing." *See* 42 Pa. C.S.A. § 9721(b). *See also* **Commonwealth v. Childs**, 445 Pa. Super. 32, 37, 664 A.2d 994, 996 (1995) (trial court must exercise its sentencing discretion in accordance with the applicable provisions of the Sentencing Code). If a court departs from the sentencing guidelines, it must articulate its reasons on the record. Id. *See also* **Commonwealth v. Warren**, 84 A.3d 1092 (Pa. Super. 2014).

For the felony one crimes of IDSI and unlawful conduct with a minor, which each carry an offense gravity score of 14, the sentencing guidelines recommend a minimum standard range sentence of 16 years incarceration for a criminal defendant with a prior record score of five. 42 Pa. C.S.A. § 9721(b). I simply cautioned Appellant that, absent

16

compelling reasons to sentence in the mitigated range, he would most likely receive a minimum standard range guideline sentence. This was not improper.

In fact, what I was trying to avoid, did in fact happen when, in his post-sentence motion, Appellant argued that his sentence should be reduced because he was "originally offered a plea of only seven years in a state correctional facility" (*see* Post-Sentence Motion at ¶ 12) – a plea which he rejected after being fully informed of my sentencing obligations should Appellant go to trial and be convicted by a jury. (N.T., Tender Years Hearing at 4-12.) With this argument, Appellant was asking me to consider the plea negotiations in formulating a sentence. Plea negotiations are not a factor that the Court should consider in formulating a sentence. Rather, a trial court must exercise its sentencing discretion in accordance with the applicable provisions of the Sentencing Code. *See* 42 Pa. C.S.A. § 9721(b).

In conclusion, Appellant's assertion that his sentence is manifestly excessive and an abuse of the court's discretion is without any support in the record or the facts of this case. Given the criminal acts committed in this case against two different minor victims, as well as Appellant's total exposure as far as lawful maximums and potential consecutive sentences, the judgment exercised in this case was neither manifestly unreasonable, nor the result of partiality, prejudice, bias or ill-will, and, as such, the Court did not abuse its discretion. The sentence imposed was neither "clearly unreasonable" nor so manifestly excessive as to constitute too severe a punishment. *See* **Commonwealth v. Mouzon**, 571 Pa. 419, 430-31, 812 A.2d 617, 625 (2002).

17

## B.  Admissibility of Evidence

Appellant's next issue concerns an evidentiary ruling.  Specifically, Appellant contends that "[t]he court erred in admitting the testimony of S.P. regarding O.H.'s alleged statement to her, where the circumstances of O.H.'s statement did not provide sufficient indicia of reliability as required by 42 Pa. C.S. § 5985.1."  (*See* Concise Statement at ¶¶ 1-2.)

Admission of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.  **Commonwealth v. Kriner**, 915 A.2d 653, 656 (Pa. Super. 2007).  An abuse of discretion requires "not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will."  **Commonwealth v. Charlton**, 902 A.2d 554, 559 (Pa. Super 2006) (*quoting* **Commonwealth v. Widmer**, 560 Pa. 308, 322, 744 A.2d 745, 753 (2000)).

Appellant's primary objection to admission of the proffered testimony was that it was inadmissible hearsay.  Hearsay is defined as an out-of-court statement offered into evidence to prove the truth of the matter asserted therein.  **Commonwealth v. Phillips**, 879 A.2d 1260, 1262 (Pa. Super. 2005); Pa R.E. 801(c).  The hearsay rule in Pennsylvania is established by statute: "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court or by statute."  **Commonwealth v. Robertson,** 874 A.2d 1200, 1210 (Pa. Super. 2005); Pa R.E. 802.

18

Appellant contends that the testimony of S.P. regarding the child victim O.H.'s alleged statement to her constituted hearsay not qualifying for admission under any recognized exception. The tender years exception to the rule against hearsay, set forth in 42 Pa. C.S.A. § 5985.1, allows statements made by a child victim of sexual assault to be admitted into evidence, if the statements are relevant and the time, content and circumstances of the statement provide sufficient indicia of reliability. **Commonwealth v. Lyons**, 833 A.2d 245, 255 (Pa. Super. 2003). Essentially, "[t]he tender years statute creates an exception to the hearsay rule in recognition of 'the fragile nature of young victims of sexual abuse.'" **Commonwealth v. Curley**, 910 A.2d 692, 697 (Pa. Super. 2006) (*quoting* **Commonwealth v. Lukowich**, 875 A.2d 1169, 1172 (Pa. Super. 2005)).

The statutory requirements for the admission of such testimony are set forth in 42 Pa. C.S.A. § 5985.1, and are as follows:

> **(a) General rule.–** An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in . . . 31 (relating to sexual offenses), . . . not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
> (1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
> (2) the child either:
> >      (i) testifies at the proceeding; or
> >      (ii) is unavailable as a witness

42 Pa. C.S.A. § 5985.1(a). *See* **Kriner**, 915 A.2d at 656.

A hearing was held on December 1, 2014, to determine whether the statements made by the victim child, O.H., to third parties should be admitted under the tender years exception to the hearsay rule. At the hearing, the Commonwealth presented the

19

testimony of Candra Misal, S.P., Shannon Honaker, and the forensic interviewer at the Lancaster County Children's Alliance,[7] Kari Stanley. (N.T., Tender Years Hearing at 4, 23, 44, and 66, respectively.) The Commonwealth also introduced the DVD of Ms. Stanley's interview with O.H. (Id. at 72.)

Following the hearing, I granted, on the record, the Commonwealth's petition to admit the out-of-court statements of O.H., including the testimony of Kari Stanley and the videotape of her interview with the child victim, O.H., pursuant to the tender years exception to the hearsay rule because the statutory criteria of § 5985.1 were met: (1) the victim was under the age of 12 when she made the out-of-court statements; (2) the victim's statements pertained to one of the statutorily mandated groups of subject offenses; (3) the evidence was relevant; and (4) the time, content, and circumstances of the statements provided sufficient indicia of reliability. (N.T., Tender Years Hearing, December 1, 2014, at 99.)

On appeal, Appellant claims the circumstances of O.H.'s statement to S.P. did not provide sufficient indicia of reliability. (*See* Concise Statement at ¶¶ 1-2.) The factors to be considered by a trial court in determining whether the child declarant was likely to be telling the truth when the statement was made include: "the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age and the lack of a motive to fabricate." **Kriner**, 915 A.2d at 657 n.3 (*quoting* **Commonwealth v. Delbridge**, 578 Pa. 641, 855 A.2d 27, 46

---

[7]Lancaster County Children's Alliance is a child advocacy center where investigations of child abuse are conducted through forensic interviews of children who have been referred either by the Children & Youth Agency or a law enforcement agency. The aim is to minimize the number of interviews a child must endure surrounding allegations of child abuse.

20

(2003)). In the instant case, although the language used by O.H. was age appropriate, her description of how she and Appellant were positioned when he "licked her girl part" is not an event that a six-year-old child would be expected to know or speak of without the experiences that she described. (N.T., Trial at 136-40, 151.) There is no evidence that the victim's mental state was anything other than normal. Moreover, prior to the initial disclosure, the parties "got along fine" (N.T., Trial at 301), and there was no motive for the child to fabricate the statements.

Lastly, O.H.'s actions and statements that followed were completely spontaneous and remained consistent to each person with whom she spoke – her cousin, S.P. (N.T., Trial at 161, 163), her cousin, M.C. (Id. at 225), her cousin, Mac.C. (Id. at 385), her aunt, Candra Misal (Id. at 248, 250), her uncle, Nathan Penwell (Id. at 293, 299), and Kari Stanley. These circumstances combined to provide sufficient indicia of reliability of O.H.'s statements and there was no trial court error in ruling that the testimony of S.P. that her cousin, O.H., told her that "Uncle Kevin" had "licked her girl parts" was admissible under the tender years exception to the hearsay rule. (Id. at 161, 163.)

## III.    Conclusion

For the reasons set forth above, this Court respectfully requests that Kevin Mark Hagen's judgment of sentence be affirmed and his appeal dismissed.

Accordingly, I enter the following:

21

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :
                                       :

v.                      :        No. 0111 - 2014, 0114-2014
                                         :

KEVIN MARK HAGENS          :

## ORDER

AND NOW, this 3rd day of August, 2015, the Court submits this Opinion pursuant

to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

BY THE COURT:

DAVID L. ASHWORTH
JUDGE

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts
ATTEST:

Copies to:    Susan E. Moyer, Assistant District Attorney
              Diana C. Kelleher, Assistant Public Defender